IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNIVERSAL SERVICES OF AMERICA, LP, and UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES,<br><br>        Plaintiffs,<br>  v.<br><br>TIMMOTHY AGNER and UNITED AMERICAN SECURITY, LLC d/b/a GARDAWORLD SECURITY SERVICES,<br><br>        Defendants. | Case No.: 3:23-cv-01655-AN<br><br>OPINION AND ORDER |

      Plaintiffs Universal Services of America, LP and Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied" and, collectively, "plaintiffs") brought this action against defendants Timmothy Agner ("Agner") and United American Security, LLC d/b/a GardaWorld Security Services ("Garda" and, collectively, "defendants") alleging breach of contract, tortious interference with a contractual relationship, tortious interference with a business relationship, violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1833, *et seq.*, and violation of Oregon's Uniform Trade Secrets Act ("OUTSA"), Or. Rev. Stat. § 646.461 *et. seq.*

      Plaintiffs have filed an *ex parte* motion seeking a temporary restraining order and order to show cause why a preliminary injunction should not be issued. Pls.' Mot. for TRO, ECF [2]. For the reasons outlined below, plaintiffs' motion for an *ex parte* temporary restraining order is denied, and the motion is converted to a motion for a preliminary injunction.

## LEGAL STANDARD

      Temporary restraining orders and preliminary injunctions are governed by the same legal standard. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking a temporary restraining order must show (1) they are likely to succeed on the

merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the plaintiff; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008). "A preliminary injunction is proper if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011)).

A court may issue an *ex parte* temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ P. 65(b)(1).

The issuance of *ex parte* temporary restraining orders is "extremely limited" because "'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974)). Courts have recognized that issuance of an *ex parte* temporary restraining order may be appropriate in the limited circumstances "'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing'" or "'because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).

## BACKGROUND

Plaintiffs filed the complaint on November 10, 2023. They filed the motion for a temporary restraining order the same day. Defendants have not been served or appeared in this case and have not been served the motion.

Plaintiffs allege that Agner, a former Allied employee, downloaded certain confidential information from his work laptop shortly before resigning from Allied and beginning employment at Garda. Compl., ECF [1], ¶¶ 40-51. Since Agner began working for Garda, two additional Allied employees have resigned and accepted employment with Garda, and two former Allied clients have begun doing business with Garda. *Id.* ¶¶ 45, 54-62. Plaintiffs allege that Agner stole trade secrets that he now uses to benefit Garda, solicited two former Allied customers, and poached two former employees in violation of certain non-solicitation, non-raiding, and non-competition agreements he signed as part of employment and incentives units contracts entered into with Allied. *Id.* ¶¶ 30-39.

The proposed temporary restraining order enjoins Agner from performing similar work to that which he engaged in at Allied in the Portland metropolitan area, soliciting Allied's current and prospective customers, or hiring or recruiting Allied employees. Proposed Order, ECF [2-1], at 2-3. The proposed order also bars Agner, Garda, or anyone else from using or disclosing information obtained from Allied and requires Agner to turn over all personal and business laptops, phones, and other electronics for forensic review. *Id.* at 3.

In support of the motion, plaintiffs submitted the declaration of Matthew Crawford, counsel for plaintiffs, who certified that on October 25, 2023, prior to the commencement of this action, he sent a letter to Agner on behalf of plaintiffs reminding him of his obligations under the employment and incentive units agreements and requesting that Agner contact him. Decl. of Matthew Crawford, ECF [5], ¶¶ 3-4. Crawford affirms that on Wednesday, November 1, 2023, ten days prior to the commencement of this action, Agner contacted Crawford and confirmed receipt of the letter. *Id.* ¶ 6.

## DISCUSSION

The Court does not reach the four *Winter* factors because it finds, as an initial matter, that the requirements for issuing a temporary restraining order without notice are not met.

Plaintiffs argue that they will "likely suffer irreparable harm in the form of loss of customer and employee relationships" if an injunction is not issued, pointing to their allegations that Agner downloaded confidential information prior to departing Allied and that, within about the first one and a half

months of his employment at Garda, two other Allied employees have become employed by Garda and two former Allied clients have contracted with Garda. Mem. in Support of Pls.' Mot, ECF [6], at 22. The Court is not convinced, however, that *immediate*, irreparable injury will occur in the limited window before Agner and Garda can be heard in opposition to the motion.

Regardless of the imminence of injury, plaintiffs' counsel has failed to meet the certification requirements of Federal Rule of Civil Procedure 65(b)(1)(B). Although plaintiffs' counsel sent Agner a letter warning of the risk of legal action, that letter was sent sixteen days prior to the filing of the complaint. Counsel has not certified in writing any other efforts made to give notice to Agner of this action or the motion or why such notice should not be required. Nor has counsel described any attempts at all to communicate with Garda, who are also named as defendants in this action and may, based on plaintiffs' allegations, be subject to the provision of the temporary restraining order enjoining misappropriation of trade secrets. Plaintiffs have not explained why notice to defendants should not be required. The motion, therefore, does not meet the procedural requirements to issue a temporary restraining order without notice to defendants.

The circumstances of this case are not amongst the "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc.*, 452 F.3d at 1131. Notice to Agner and Garda is not impossible. Plaintiffs recently sent mail to Agner's address and confirmed receipt. Garda is a corporation whose principal place of business address is listed in the complaint; although plaintiffs have not yet served Garda or given it notice of the motion, they have obtained an address at which to do so. Compl. ¶ 4. If plaintiffs provided notice to Agner and Garda, it would not render fruitless further prosecution of the case. Plaintiffs have not alleged that Agner or Garda would take any steps to frustrate the purpose of this action if given notice. Accordingly, the circumstances of this case do not justify the issuance of a temporary restraining order without notice to defendants.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Temporary Restraining Order, ECF [2], is DENIED. The motion is converted to a motion for preliminary injunction. Plaintiffs are directed to serve

the motion on defendants and file proof of service on the docket.  Defendants' responses are due within 14 days of service of the motion.

IT IS SO ORDERED.

DATED this 21st day of November, 2023.

Adrienne Nelson
United States District Judge