IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNIVERSAL SERVICES OF AMERICA, LP, and UNIVERSAL PROTECTION SERVICE, LP d/b/a ALLIED UNIVERSAL SECURITY SERVICES,<br><br>        Plaintiffs,<br>  v.<br><br>TIMMOTHY AGNER and UNITED AMERICAN SECURITY, LLC d/b/a GARDAWORLD SECURITY SERVICES,<br><br>        Defendants. | Case No.: 3:23-cv-01655-AN<br><br>OPINION AND ORDER |

**Adrienne Nelson, District Judge**

Plaintiffs Universal Services of America, LP and Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied" and, collectively, "plaintiffs") brought this action against defendants Timmothy Agner ("Agner") and United American Security, LLC d/b/a GardaWorld Security Services ("Garda" and, collectively, "defendants") alleging breach of contract, tortious interference with a contractual relationship, tortious interference with a business relationship, violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1833, *et seq.*, and violation of Oregon's Uniform Trade Secrets Act ("OUTSA"), Or. Rev. Stat. § 646.461 *et. seq.*

Plaintiffs filed a motion for temporary restraining order, which the Court denied and converted to a motion for preliminary injunction. Plaintiffs also filed a motion to expedite or accelerate discovery, asking to serve certain discovery requests in advance of any preliminary injunction hearing. Plaintiffs' Emergency Motion for Expedited Discovery ("Mot. to Expedite"), ECF [12]. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" except "when authorized by these rules, by stipulation, or by court order." Fed. R.

Civ. P. 26(d)(1).  "Without leave of court . . . a request may not be served before the time specified in Rule 26(d)."  Fed. R. Civ. P. 34(b).

Courts in this circuit have tended to use a general "good cause" standard to determine if expedited discovery is warranted.  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *see Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (collecting cases).  The good cause test asks whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.* at 276.  Some courts have referred to this as a "reasonableness" standard.  *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).  Factors to consider include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005) (citing *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440, at *3-5 (E.D PA 2003)).

The movant bears the burden of demonstrating the need for expedited discovery.  *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures"); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) ("Expedited discovery is not the norm.  Plaintiff must make some *prima facie* showing of the *need* for the expedited discovery.").

## BACKGROUND

The Court presumes familiarity with the factual background as set out in the Order denying Plaintiff's Motion for Temporary Restraining Order, ECF [13].  As a brief summary, plaintiffs allege that Agner, a former Allied employee, accepted employment at Garda in violation of a non-compete agreement, downloaded certain confidential information from his work laptop before resigning from Allied, and used

that information to solicit former Allied clients and employees in violation of a non-solicitation agreement. Compl., ECF [1], ¶¶ 30-51.

Plaintiffs sought a temporary restraining order enjoining Agner from performing similar work to that which he engaged in at Allied in the Portland metropolitan area, soliciting Allied's current and prospective customers, or hiring or recruiting Allied employees; barring Agner, Garda, or anyone else from using or disclosing information obtained from Allied; and requiring Agner to turn over all personal and business laptops, phones, and other electronics for forensic review. Proposed Order, ECF [2-1], at 2-3. The Court denied the motion and converted it to a motion for preliminary injunction, which is pending.

Plaintiffs now move to expedite discovery. Plaintiffs wish to serve the following discovery requests immediately: the First Set of Interrogatories to Garda, the First Set of Interrogatories to Agner, the First Set of Requests for the Production of Documents and Tangible Things on Agner, and the First Set of Requests for the Production of Documents and Tangible Things on Garda. Mot. to Expedite 2. Defendants oppose the motion. Def. Timmothy Agner's Resp. to Pls.' Emergency Mot. for Expedited Discovery ("Def. Agner's Resp."), ECF [32]; Def. United America LLC d/b/a GardaWorld Security Services' Brief in Opp. to Pls.' Emergency Mot. for Expedited Discovery ("Def. Garda's Resp."), ECF [34].

## DISCUSSION

Plaintiffs state that expedited discovery is necessary to "properly prepare for and streamline an evidentiary hearing" related to the motion for preliminary injunction and that the requests are narrowly tailored to that end. Mot. to Expedite 2-3. Without such discovery, plaintiffs "anticipate[] that the preliminary injunction hearing will take considerably longer, prejudicing both the parties and this Court." *Id.* at 3. Aside from having a more efficient preliminary injunction hearing, plaintiffs do not identify the purpose of the expedited discovery.

The benefit of streamlining a preliminary injunction hearing, however, is outweighed by the burden on defendants. The requested discovery is broad and places significant demands on defendants at a very early stage of litigation. The interrogatories directed at Agner, for example, ask him to identify a broad range of communications between him and plaintiffs' former and current employees and clients from

3

September 2022 to present, while the request for production of documents and tangible things requires Agner to produce those communications, as well as "all computers, PDA devices, blackberries, palm pilots, cell phones, diskettes, multi-media cards, disks, memory sticks, flash drives, memory cards, zip drives, hard drives, and similar devices capable of storing or copying computer and other data and information" for inspection. Mot. to Expedite, Ex. 2, at 5-8; Mot. to Expedite, Ex.3, at 7. As Garda notes, the interrogatory requesting information about Garda's "employees' 'job duties, reporting structure, geographic area of responsibility, accounts or clients to whom they provide goods or services, salary, wage, bonus eligibility and/or other compensation,'" may constitute confidential information or trade secrets, the disclosure of which would be particularly prejudicial to Garda. Def. Garda's Resp. 5.

Because the need for expedited discovery does not outweigh the prejudice to defendants, plaintiffs have not established the requisite good cause to justify serving their discovery requests immediately, prior to any Rule 26(f) conference, and the Court declines to order expedited discovery.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Emergency Motion for Expedited Discovery, ECF [12], is DENIED.

IT IS SO ORDERED.

DATED this 27th day of December, 2023.

_____
Adrienne Nelson
United States District Judge

4